IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES, | )<br>)<br>) |
| Plaintiff, | ) Case No. 10 CR 783 |
| v. | )<br>) Judge Virginia M. Kendall |
| MARVIN CHAPMAN, | )<br>) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

On May 27, 2011 a jury convicted defendant Marvin Chapman ("Chapman") of possessing with the intent to distribute a controlled substance, namely a quantity of mixtures and substances containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1) ("Count I") and acquitted Chapman of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) ("Count II") and of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) ("Count III"). Chapman now moves for an acquittal notwithstanding the verdict pursuant to Rule 29 of the Federal Rules of Criminal Procedure and for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. For the following reasons, the Court denies Chapman's motions.

**STANDARD OF REVIEW**

A motion for judgment of acquittal under Rule 29 challenges the sufficiency of the evidence against a defendant. *See* Fed. R. Crim. P. 29 (requiring the Court to "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction"). In challenging the sufficiency of the evidence, Chapman "bears a heavy, indeed, nearly insurmountable, burden."

*United States v. Warren*, 593 F.3d 540, 546 (7th Cir. 2010). Such a motion should be denied if, after viewing the evidence in the light most favorable to the Government, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Hicks*, 368 F.3d 801, 804 (7th Cir. 2004); *see also United States v. Curtis*, 324 F.3d 501, 505 (7th Cir. 2003) (citing *United States v. Menting*, 166 F.3d 923, 928 (7th Cir. 1999) and finding that a conviction entered after trial by jury should not be overturned unless "the record is devoid of evidence from which a reasonable jury could find guilt beyond a reasonable doubt.").

A motion for a new trial under Rule 33(a) should be granted only if required "by the interest of justice." Fed. R. Crim. P. 33(a). Such motions should be granted sparingly and are only appropriate if "substantial rights of the defendant have been jeopardized by errors or omissions during trial." *United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir. 1989). A defendant is entitled to a new trial only if there is a reasonable possibility that a trial error had a prejudicial effect upon the jury's verdict. *See United States v. Berry*, 92 F.3d 597, 600 (7th Cir. 1996).

## DISCUSSION

I. **Motion for Judgment of Acquittal on Count I**

Chapman asserts that the Court should reverse the jury's verdict in Count I because the Government presented insufficient evidence that Chapman knowingly possessed heroin with the intent to distribute on March 8, 2010. Specifically, Chapman contends that the Government did not present any physical evidence connecting him to the charged heroin and that the testimony of the witnesses did not prove his guilt beyond a reasonable doubt. Chapman notes that he is not attacking the conviction because it was inconsistent with the jury's verdicts on Counts II and III, but also argues that the verdicts reached in this case were "materially inconsistent, and the inconsistency

2

establishes that the evidence supporting the heroin conviction" of Count I was "insufficient." (Doc. 60 at 5-6.)

At trial, the Government presented four law enforcement officers—Brian McHale ("McHale"), John Lipka ("Lipka"), Matthew Bouch ("Bouch"), and Matthew McGrory ("McGrory")—who testified that, on the night of March 8, 2010, they saw Chapman holding a blue bag as he walked down the street with a dark object sticking out of it. They further testified that they saw Chapman either going towards or into the residence at 619 N. Ridgeway while still holding the bag. McHale and Lipka testified that they pursued Chapman up the stairs of the residence while Chapman was still holding the bag. Lipka testified that he followed Chapman into the living room, heard a thud, and saw Chapman attempt to escape through a window. Lipka testified that he recovered the bag and found 28 tinfoil packets of suspect heroin as well as a rifle.

Allison Rees ("Rees"), a fingerprint specialist with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), testified that two prints were found on the tinfoil packaging but that neither print belonged to Chapman. Rees clarified that that finding did not indicate that Chapman had not touched the packages. Chris Labno ("Labno"), a Special Agent with the ATF, testified that drug dealers typically package user quantities of heroin in tinfoil packages into plastic baggies for later distribution.[1]

The Government also presented the stipulated testimony of Chicago Police Department

---

[1] Prior to the start of trial, the Court conducted a *Daubert* hearing in response to Chapman's Motion to Bar Labno from testifying. At the hearing, the Court found that Labno was qualified to testify as an expert based on his experience—he participated in over 100 investigations, the majority involving drugs and firearms; he has investigated over 20 cases involving heroin and has dealt specifically with heroin sales on the west side of Chicago—and his training, which includes use of an AR-15 rifle and extensive undercover agent training. The Court further found that Labno's testimony would be helpful to a jury given the clandestine nature of narcotics trafficking and that it would not be more prejudicial than probative because Labno was one step removed from the investigation and therefore would not be testifying as the case agent.

Officer Jason Brown ("Brown"). The stipulated testimony concerned a June 14, 2005 incident where Brown observed Chapman engaged in a hand-to-hand transaction; Chapman's subsequent attempted escape; and Chapman's possession of 13 packets of suspect heroin packaged in tinfoil. The stipulated testimony also noted that Chapman pled guilty to the June 14, 2005 offense and was convicted for possession of controlled substances.

Chapman testified at trial and denied possessing heroin on March 8, 2010 but did admit to possessing and selling heroin on other occasions. Damurile Collier ("Collier") testified for the defense that Chapman did not possess heroin the night of March 8, 2010.

Chapman now challenges his conviction because none of the officers actually saw him "directly holding any suspect heroin." (Doc. 60 at 5.) Chapman's argument, however, fails to take into account that possession can be either actual or constructive. *See United States v. Irby*, 558 F.3d 651, 654 (7th Cir. 2009) (citation omitted). Actual possession "exists when the thing is in the immediate occupancy and control of the party." *United States v. Davis*, 15 F.3d 1393, 1398 (7th Cir. 1994). "Constructive possession is a legal fiction whereby an individual is deemed to 'possess' contraband items even when he does not *actually* have immediate, physical control of the objects, i.e., the individual 'does not possess them in a literal sense.'" *United States v. Morris*, 576 F.3d 661, 666 (7th Cir. 2009) (citation omitted; emphasis in original).

Here, the Government presented evidence that Chapman was seen by four law enforcement officers walking on N. Ridgeway carrying a blue laundry bag over his shoulder. The officers testified that Chapman ran upon seeing them, and that he entered 619 N. Ridgeway, dropped the laundry bag with a "thud" and attempted to escape out of a window. The officers recovered the bag with the heroin and assault rifle inside. The eyewitness testimony of four officers that Chapman was

carrying a laundry bag that, immediately after he dropped it was revealed to contain heroin, satisfies the possession element. *See Hayes v. Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005) ("[I]t is black letter law that testimony of a single eyewitness suffices for conviction even if 20 bishops testify that the eyewitness is a liar."). The jury was entitled to make its own credibility determinations about the eyewitness accounts and reasonably determined that Chapman possessed the suspect heroin with the intent to distribute.

Moreover, the Government presented sufficient evidence to support a finding of constructive possession as well. "In the absence of exclusive control, evidence that a defendant had a 'substantial connection' to the location where contraband was seized is sufficient to establish the nexus between that person and the drugs." *Morris*, 576 F.3d at 667 (finding persuasive that "proximity coupled with evidence of some other factor—including connection with [an impermissible item], proof of motive, a gesture implying control, evasive conduct, or a statement indicating involvement in an enterprise is enough to sustain a guilty verdict.") (citation omitted). Here, the Government presented evidence that Chapman engaged in evasive conduct—running away from the officers with the bag that was later recovered within minutes of being out of eyesight of the officers which contained the heroin—which, combined with proximity of the heroin, the hort time frame, and defendant's own testimony placing him in the location with heroin in the past, satisfies the constructive possession requirement.

Chapman does not challenge the second element of Count I—the sufficiency of the evidence regarding the intent to distribute. The Court notes, however, that intent to distribute heroin can be inferred from possession of a quantity of drugs larger than needed for personal use. *See United States v. Smith*, 34 F.3d 514, 523 (7th Cir. 1994) (citation omitted). Here, it is undisputed that the

quantity of heroin found in the laundry bag was greater than needed for personal use.

Therefore, the Government presented sufficient evidence to convict Chapman for possession with intent to distribute heroin. *See id*. at 523-24 (finding possession of almost a kilogram of cocaine coupled with flight from authorities was sufficient to allow a reasonable jury to convict the defendant of possession with intent to distribute). Moreover, to the extent that Chapman argues that his conviction on Count I—for possession of heroin—but not on Counts II and III—relating to possession of the rifle—is inconsistent and demonstrates that the evidence used to convict him on Count I was insufficient, that argument, as Chapman concedes, is foreclosed by *United States v. Powell*, 469 U.S. 57 (1984).

Accordingly, the Court denies Chapman's Motion for a Judgment of Acquittal on Count I.

## II.     Motion for a New Trial

Chapman asserts that the Court erred in allowing Brown's stipulated testimony regarding one of Chapman's prior convictions. Chapman argues that this constituted improper propensity evidence whose probative value was outweighed by its prejudicial impact.

Of course, evidence of a prior conviction is not admissible to show that a defendant has a propensity to commit crime and that he acted in conformity with that propensity on the occasion in question. *See United States v. Best*, 250 F.3d 1084, 1090 (7th Cir. 2001). "Such evidence may be admissible, however, to demonstrate motive, opportunity, intent, preparation, plan, knowledge or identity. The admissibility of prior convictions under Rule 404(b) is judged according to a four-part test which requires the government to demonstrate that: (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to

the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice." *United States v. Puckett*, 405 F.3d 589, 596 (7th Cir. 2005) (internal quotations and citation omitted). Moreover, it is "well settled" that when a defendant is charged with a specific intent crime, such as possession with intent to distribute . . . evidence of past action is probative if used to establish an essential element of the crime charged." *Id*. (citation omitted).

The Court, in its ruling on the parties' motions in limine, conditionally granted the Government's motion to admit evidence of Chapman's prior conviction to show Chapman's intent, knowledge, and absence of mistake. The Court further noted that Chapman was charged with a specific intent crime, requiring the Government to prove the element of intent beyond a reasonable doubt. Moreover, the Court noted that the Eleventh Circuit has held that a defendant's claim that the police planted evidence "particularly put in issue his knowledge and intent to possess" the object in question. *See United States v. Perry*, 379 Fed. App'x 888, 895-96 (11th Cir. May 19, 2010) (affirming admission of prior conviction to show possession of a loaded gun was knowing and intentional when the defendant argued that he was framed by the police). Here, Chapman's defense—that the officers were not truth-tellers and that they planted the laundry bag—put in issue his knowledge and intent to possess the heroin. Chapman then chose to testify and to admit that he had used sold drugs in the past but that he was not in possession of the drugs in on this date. His strategic decision to front the past crimes based on the Court's preview of how it would rule if the defense theory was that the officers planted the evidence, negates any argument of prejudice that Chapman may have had. As such, Brown's stipulated testimony regarding his observation in 2005

7

of Chapman engaging in hand-to-hand transaction of suspect heroin and Chapman's subsequent flight and possession of 13 tinfoil packets of suspect heroin was not erroneously admitted.

Accordingly, the Court denies Chapman's Motion for a New Trial.

## **CONCLUSION AND ORDER**

For the reasons stated, the Court denies Chapman's Motion for Acquittal on Count I and his Motion for a New Trial.

So ordered.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: September 1, 2011